15CV2051
JUDGE SHADUR
MAG. JUDGE SCHENKIER

FILED

MAR X 9 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1  STEVEN SEPLOWIN,
   AMERICAN REALTY PROS
2  2922 N CLARK ST.
   CHICAGO, IL 60657
3  (312) 278-4577

4               UNITED STATES DISTRICT COURT
5              NORTHERN DISTRICT OF ILLINOIS

6

| | |
|---|---|
| **STEVEN SEPLOWIN**<br>**AMERICAN REALTY PROS,** | **CASE NO.**_____ |
| **Plaintiff,** | **COMPLAINT FOR:** |
| **vs.** | **(1) FRAUD AND DECEIT**<br>**(2) NEGLIGENT** |
| **v.** | **MISREPRESENTATION**<br>**(3) BREACH OF THE IMPLIED** |
| **ZILLOW, INC.,** | **COVENANT OF GOOD FAITH AND**<br>**FAIR DEALING** |
| **Defendant.** | **(4) VIOLATION OF COMPUTER**<br>**FRAUD AND ABUSE ACT**<br>**(5) PROMISSORY ESTOPPEL**<br>**(6) UNJUST ENRICHMENT**<br>**(7) DECLARATORY RELIEF** |

16                    **SUMMARY OF THE ACTION**

17  1.     This case concerns a deliberate campaign by Defendant Zillow, Inc. ("Zillow"), to
18
19  steal trade secrets and other confidential and proprietary information from plaintiff
20  Steven Seplowin, American Realty Pros. and others.
21  2.     Plaintiff is an accomplished real estate professional  licensed as a broker and a Realtor
22  with many years experience in the sales, purchase, and leasing of residential and commercial real
23  estate.  He is an active subscriber to several listing services, including but not limited to the
24  Multiple Listing Service ("MLS").
25  3.     Zillow was granted access to Plaintiff's confidential and proprietary information.
26
27
28

1

Among other things, this included the proprietary system developed by Plaintiff over many years related to the presentation and dissemination of potential real estate listings for rental and leasing purposes.

4.      After months of accessing Plaintiff's confidential information under false Pretenses, Zillow informed that it was discontinuing any contractual relationship it may have had with the Plaintiff and that it intended to keep and maintain the information it had illegally obtained from Plaintiff.

5.      Plaintiff brings this action against Zillow, seeking both legal and equitable relief for Zillow's unlawful conduct in violation of federal law and the laws of Illinois, and seeking to disgorge Zillow's ill-gotten gains.

## THE PARTIES

6.      Plaintiff is a citizen of Illinois.

7.      Zillow, Inc. is a Washington corporation with its principal place of business located in Seattle, Washington.   Zillow operates one of the leading real estate and home-related information marketplaces on mobile networks and the internet, including the website www.zillow.com.

## JURISDICTION AND VENUE

8.      This is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

9.      Additionally, plain tiff's claim for relief arises under the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq.   Accordingly, this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1030(g). This Court has supplemental jurisdiction over

2

the pendent state law claims and parties under 28 U.S.C. § 1367 because these claims are so related to Plaintiff's actions under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.   Among other things,  Zillow made misrepresentations to  Plaintiff and improperly took Plaintiff's confidential information in Chicago, Illinois.

## FACTUAL ALLEGATIONS

### A.     GENERAL BACKGROUND.

11.     Plaintiff is a subscriber to an online listing service where member agents can, among other things, see, share, discuss, and potential real property sale and leasing opportunities.

12.     Becoming a member of the listing  community requires first that the agent's eligibility be verified and then that the agent agree to the listing service's terms of services.   The agent must agree to those  terms of service.   The new member agent receives a log in and password that allows the agent to access the private listing community and the accompanying online features and content  (also known as the  private "web application").

13.     Only qualified agents with an individual log in and password can access the site and its member-only information. Others, including agents whose sales do not qualify them for membership in the listing service,  as well as consumers and other members of the public, may only access the  public-facing website, which contains none of the exclusive content and private information found on the members-only web application.

14.     A critical aspect of Plaintiff's  success is its use of the listing service for residential leasing purposes. Properties listed for sale are published in the online listing service, which is

Not available to all registered real estate agents. A number of third-party online real estate portals also aggregate these listings for direct access by the general public. Potential listings for residential real estate purposes cannot be gleaned from any centralized public source and is typically shared by the listing agent, if at all, only with a hand-selected group of agents on an *ad hoc* basis (*i.e.*, through inter-office information exchanges among agents working out of the same office or brokerage, or through private, informal groups or clubs established by agents themselves).

15.    A listing for residential leasing services have always been highly coveted by agents, as agents understandably want to be in the position to offer their clients relevant listings that are not generally available through public sources.   Such listings are typically shared only among small groups of trusted agents.

16.    Plaintiff's online listings were developed and perfected over many years.   Plaintiff's proprietary system, the strategy behind it and the particular features and tools offered to its member agents, are unique to Plaintiff and collectively explain why Plaintiff has succeeded where other industry players and competitors have not—namely, creating and sustaining a vibrant, authoritative community for the exchange of real estate listings for sale, purchase and residential listing purposes.

**B.    AFTER GAINING ACCESS TO PLAINTIFF'S CONFIDENTIAL AND PROPRIETARY LISTINGS, ZILLOW STEALS PLAINTIFF'S INFORMATION AND TERMINATES ANY CONTRACTUAL RELATIONSHIP IT MAY HAVE HAD WITH PLAINTIFF.**

17.    A representative of Zillow informed Plaintiff that it was terminating any contractual relationship it may have had with the Plaintiff.

18.    Zillow has informed that it intends to use the confidential and proprietary information it acquired from Plaintiff.

4

19.     As a direct and proximate result of Zillow's wrongful conduct, including its theft and misappropriation of Plaintiff's  trade secrets and other confidential and proprietary information,   Plaintiff has suffered and continues to suffer significant harm, both financially and to its goodwill and reputation.   Additionally, upon information and belief, Zillow has been unjustly enriched by its wrongful conduct at Plaintiff's  expense.

20      Zillow did not intend to, and has never intended to, enter into a contract in good faith with the Plaintiff, but merely used its relationship0 with the Plaintiff as a subterfuge to obscure the true nature of its nefarious scheme, i.e., to illegally steal the Plaintiff's client and proprietary information found in its listing services.   .

## FIRST CLAIM FOR RELIEF
### (Fraud and Deceit)

21.     Plaintiff  incorporates by reference the allegations contained in this as though fully set forth herein.

22.     Zillow affirmatively made fraudulent misrepresentations and false promises to Plaintiff. Specifically, Zillow's representative told  Plaintiff  that all information provided to  Zillow would be used solely for the purposes expressed in their agreement to solicit and access potential residential real estate leasing opportunities.   Zillow also represented that this listing information and access information would be kept confidential.

23.     Zillow also made material omissions to  Plaintiff.    At no time during the course of dealing between Zillow and Plaintiff  did Zillow disclose that it intended to terminate its relationship with Plaintiff after obtaining access to the listing information.

24.     Zillow's representations, promises, and omissions were material to Plaintiff  and its decision to share confidential information with Zillow, including providing Zillow with access to

Plaintiff's private web application and members-only emails, including information , access, and privilege reserved to Plaintiff.

25.     Zillow knew that these representations and promises were false and misleading and that it was omitting material information to Plaintiff.    During the course of Zillow's interaction with  Plaintiff,  Zillow continued to access, use, and disclose Plaintiff's  confidential information. And at no time during this five month interaction did Zillow disclose that it was working on a competing product.

36.     Zillow made these misrepresentations, false promises, and omissions with the specific intent of inducing  Plaintiff to rely on them and to encourage, cause, or motivate Plaintiff to share its confidential information with Zillow.

27.     Plaintiff  justifiably relied on Zillow's misrepresentations, false promises, and omissions by sharing confidential information with Zillow.

28.      Had  Plaintiff known that the representations and promises were false, or had it been aware of the material omissions that Zillow failed to disclose, it would not have disclosed its confidential information with Zillow, shared material with Zillow, or provided Zillow with access to its private web application or its member-only emails.

29.     As a direct and proximate result of Zillow's actions, Plaintiff has suffered damages in an amount which will be proven at trial.

30.     In doing the acts alleged herein, Zillow acted with oppression, fraud and malice, and thus  Plaintiff  is entitled to punitive and exemplary damages in an amount according to proof.

**SECOND CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

31.     Plaintiff incorporates by reference the allegations contained in this as though fully set forth herein.

32.     Zillow made several misrepresentations to Plaintiff regarding important facts. Among other things, Zillow misrepresented to Plaintiff that all information provided by Plaintiff to Zillow would be used solely to evaluate a potential leasing of residential property and would be kept confidential.

43.     These misrepresentations were material to Plaintiff and its decision to share confidential information with Zillow.

34.     The representations made by Zillow were in fact false, and Zillow had no reasonable grounds for believing the representations were true when made.

35.     Zillow intended Plaintiff to rely on its misrepresentations.

36.     Plaintiff relied on Zillow's misrepresentations by sharing confidential information continuously with Zillow and by allowing Zillow access to Plaintiff's website and by providing it with member-only emails. Had Plaintiff known that the representations were false, Plaintiff would not have permitted Zillow access to plaintiff's data base and private listing services.

37.     Plaintiff's reliance on Zillow's representations was justified and reasonable.

38.     As a direct and proximate result of Zillow's actions, Plaintiff has suffered damages in an amount which will be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

39.     Plaintiff incorporates by reference the allegations contained in this as though fully set forth herein.

40.     Like all contracts, the oral contract between Plaintiff and Zillow contained an implied covenant of good faith and fair dealing which bound each party. This covenant imposed on Zillow the duty not to unfairly interfere with the Plaintiff's ability to receive the benefits of the agreement, and imposed the same requirements on Plaintiff in regard to Zillow.

41.     By engaging in the conduct described above, Zillow's acts and omissions— including its continued use of Plaintiff's confidential information to create a competing product injured the rights of Plaintiff and breached Zillow's duty to protect the reasonable expectations of Plaintiff.

42.     As a direct and proximate result of Zillow's breach, Plaintiff has suffered damages in an amount which will be proven at trial.

43.     Zillow's acts and omissions in breaching the implied covenant of good faith and fair dealing in the agreement constituted action taken in bad faith, which was willful, oppressive and malicious, and which justifies an award of punitive damages.

**FOURTH CLAIM FOR RELIEF**
**(Violation of Computer Fraud And Abuse Act,**
**18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5))**

44.     Plaintiff incorporates by reference the allegations contained in this as though fully set forth herein.

45.     Zillow has violated the Computer Fraud And Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing a computer used for interstate or foreign commerce or communication, without authorization from Plaintiff or by exceeding authorized access to such a computer, and by obtaining information from such a protected computer.

46.     Zillow has violated the CFAA, § 18 U.S.C. 1030(a)(4) by knowingly, and with intent to defraud Plaintiff, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and by means of such conduct furthered the intended fraud and obtained one or more things of value, including content from the Plaintiff web application.

47.     The computer system or systems that Zillow accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).

48.     Plaintiff has suffered damage and loss by reason of these violations, including, without limitation, harm to Plaintiff's web application, data, and other losses and damage in an amount to be proven at trial, and well in excess of $5,000 aggregated over a one year period.

**FIFTH CLAIM FOR RELIEF**
**(Promissory Estoppel)**

49.     Plaintiff incorporates by reference the allegations contained in this as though fully set forth herein.

50.     In the alternative to its breach of contract claim, and in the event that the oral contract between the parties is found to be unenforceable, Plaintiff asserts a claim for relief for

9

promissory estoppel.

51.     Zillow made promises to Plaintiff by representing it would keep Plaintiff's information Confidential.

52.     Zillow should have expected that Plaintiff would rely on such promises in altering its conduct with respect to the proposed disclosure of confidential information.

53.     Plaintiff did, in fact, justifiably rely on such promises by deciding to disclose confidential information and by providing Zillow continued access to that information for numerous months.

54.     As a result of Zillow's false promises and misrepresentations, Plaintiff has suffered damages in an amount to be proven at trial.

### SIXTH  CLAIM FOR RELIEF
### (Unjust Enrichment)

55     Plaintiff  incorporates by reference the allegations contained in this as though fully set forth herein.

56.     By its wrongful acts and omissions, Zillow was unjustly enriched at the expense of and to the detriment of Plaintiff, or while Plaintiff was unjustly deprived.

57.     Plaintiff seeks restitution from Zillow and seeks an order from this Court disgorging all commissions, profits, benefits, and other compensation obtained by Zillow from its wrongful conduct.

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Relief)

58.     Plaintiff  incorporates by reference the allegations contained in this as though fully set forth herein.

59.     An actual controversy has arisen and now exists between Plaintiff and Zillow

concerning Zillow's unauthorized use of Plaintiff's confidential information in breach of numerous representations it made to Plaintiff and in breach of its agreements with Plaintiff.

60.     In light of Zillow's wrongful conduct, as alleged herein, a declaratory judgment is necessary and proper at this time.

61.     Pursuant to 28 U.S.C. § 2201, et seq., Plaintiff requests declaratory judgment that: (i) Zillow has no right to use the confidential information obtained from Plaintiff; (ii) Zillow owes Plaintiff an amount to be proven at trial for its violation of various agreements and representations and for its other wrongful conduct; (iii) Zillow is enjoined from publishing to 34d parties and utilizing for its own benefit plaintiff's confidential and proprietary information and computer access.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Zillow as follows:

1.     An order that, by the acts complaint of herein, Zillow has:

    a.     Intentionally or negligently made misrepresentations, false promises, and omissions to Plaintiff;

    b.     Misappropriated Plaintiff's trade secrets;

    c.     Misappropriated Plaintiff's work product;

    d. Engaged in unfair competition;

    e. Materially breached its oral agreement with Plaintiff;

    f. Breached the implied covenant of good faith and fair dealing;

    g. Violated the Computer Fraud And Abuse Act, 18 U.S.C. §§ 1030 et seq.; and

2.     An order that preliminarily and permanently enjoins Zillow, and its officers,

employees, agents, and representatives, from engaging in the unlawful conduct

complained of herein, including:

     a.     Requiring Zillow to cease copying, using, or disclosing Plaintiff's confidential

        information and to return to Plaintiff or destroy all such information;

     b.     Requiring Zillow to cease using or disclosing Plaintiff's trade secrets.

3.     An order awarding Plaintiff its actual, incidental, special and consequential damages,

and also awarding Plaintiff punitive damages;

4.     An order awarding Plaintiff all gains, profits, and advantages derived by Zillow from its

wrongful acts and omissions;

5.     An order awarding Plaintiff's costs of suit, including reasonable attorneys' fees and

experts' fees;

6.     Prejudgment and post-judgment interest at the maximum rate allowed by law; and

7.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: 3/9/15

Steven Seplowin, Plaintiff
American Realty Pros
2922 N Clark St.
Chicago, IL 60657
(312) 278-4577