IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN SEPLOWIN, <br> AMERICAN REALTY PROS, <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15 C 2051 <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM ORDER**

On May 7, this Court's last day in court before a ten-day hiatus created by the total unavailability of its chambers, case files and other materials needed to conduct court proceedings,[1] this Court granted the motion of defendant Zillow, Inc. ("Zillow") to transfer this action from this District Court to the United States District Court for the Western District of Washington, Seattle Division. As this Court had stated in a number of different ways during earlier proceedings, pro se plaintiff Steven Seplowin ("Seplowin") had stubbornly refused to recognize that his contract with Zillow contained an express forum selection clause designating that State of Washington location as the exclusive forum for any litigation growing out of the parties' agreement. Unfortunately Seplowin stubbornly resisted the reality and effect of that aspect of the parties' relationship (just as Seplowin also refused to acknowledge that he, as a nonlawyer, had no right to represent in court American Realty LLC (his company that he chose to join as a co-plaintiff in this action)).

---

[1] That hiatus was caused by the District Court administration's need to vacate this Court's chambers and render all such materials temporarily unavailable to permit the replacement of carpeting and the repainting of the chambers.

Because the transferee court would also be the appropriate forum for the resolution of substantive issues in the case, this Court also removed Zillow's motion to dismiss [Dkt. No. 34] from its pending motion list. What this Court learned only after the case had been transferred was that two days earlier Seplowin had filed two other motions -- one seeking this Court's recusal and the other a "motion to abate, or in the alternative, motion for extension of time to respond to defendant's motions to dismiss and to change venue." For whatever reason, Seplowin never referred to either of those motions at the time this Court dealt with Zillow's Section 1404(a) motion, and this Court was accordingly unaware of their filing. It should be said, however, that the motion for recusal was totally groundless (rather than this Court's "prejudging this case," as Seplowin would have it, it simply honored the forum selection clause that both sides had voluntarily agreed to). In any event, both the motion for recusal [Dkt. No. 41] and Seplowin's other motion [Dkt. No. 42] are denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 19, 2015